**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT ZEISEL, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>DIAMOND FOODS, INC., a Delaware corporation,<br><br>    Defendant._____ / | No. C 10-01192 JSW<br><br>**ORDER ON FORM OF AND METHOD OF CLASS NOTICE; CONTINUING DEADLINES; AND VACATING STATUS CONFERENCE** |

    The Court has received and considered the parties' Joint Status Conference Statement, submitted following the Court's Order on Plaintiff's Motion to Approve Plan and Form of Notice and Class Definition. The Court HEREBY VACATES the status conference set for October 14, 2011 at 1:30 p.m. In their status report, the parties have stated that they agree to the modified Class Definition proposed by the Court, with the caveat that "both parties' rights with respect to the arguments they have raised before this Court are preserved." That caveat is duly noted. Accordingly, the Court orders that the class shall be defined as follows:

> All persons in the United States who, for personal or household use, purchased Diamond of California Shelled Walnuts in 6oz, 10oz, 16 oz and 3lb bags from March 22, 2006 through **October 13, 2011** ("the Shelled Walnut Products") bearing labels that say "OMEGA♥3...2.5 g per serving" on the front and back of the package, and "The omega-3 in walnuts can help you get the proper balance of fatty acids your body needs form promoting and maintaining heart health" on the back of the package (the "Disputed Labels"). Purchasers who bought Shelled Walnut Products with Disputed Labels for resale are not included.

The parties also have agreed that notice shall be published once in *Bon Appetit*, once in *Cooking Light*, and once in *USA Today*, and by a distribution of a newswire release. In their status conference statement, the parties note that they intend to publish the notice in *Bon Appetit* and *Cooking Light* during the holiday season, which is the time of year Defendant typically advertises and is a busy time of year and, thus, likely to reach a wide number of readers. In light of the fact that the parties have agreed to publish notice in both magazines and in *U.S.A. Today*, the Court's concerns are satisfied, and it concludes that the method of notice is the best notice practicable under the circumstances. The parties also have resolved their disputes on timing. The parties argue that the Court set an opt-out deadline of February 15, 2012, which is 45 days after the last date on which notice would be published in *Cooking Light*. In its previous order, the Court noted that it would require *at least* 45 days. In light of the fact that the parties are going to publish notice during the holiday season, which the parties themselves acknowledge is a busy time of year, the Court ORDERS that the opt-out deadline shall be February 29, 2012.

In light of the Court's ruling regarding the opt-out deadline, the Court modifies, in part, the parties' proposed scheduling order as follows:

| | |
|---|---|
| Plaintiff's Opposition to Defendant's Motion for Summary Judgment: | 1/13/12 |
| Last Date for Expert Disclosure: | 1/27/12 |
| Defendant's Reply in Support of Motion for Summary Judgment: | 2/10/12 |
| Last Day for Expert Discovery: | 2/24/12 |
| Hearing on Motion for Summary Judgment: | 3/2/12 9:00 a.m. |
| Pretrial Conference: | 4/23/12 2:00 p.m. |
| Trial: | 5/14/12 8:00 a.m. |

With respect to the form of notice, although the Court expresses no opinion on the admissibility of the FDA Warning Letter, the Court concludes that the disputed paragraph at p. 3 of the Long Form Notice should be removed.

**IT IS SO ORDERED.**

Dated: October 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE