IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT ZEISEL,<br><br>    Plaintiff,<br><br>  v.<br><br>DIAMOND FOODS, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-01192 JSW<br><br>**ORDER CONTINUING FINAL APPROVAL HEARING AND REQUIRING FURTHER BRIEFING** |

This matter is scheduled for a hearing on August 24, 2012, to consider Plaintiff's motion for final approval of class action settlement and motion for attorneys' fees. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes that additional briefing and filings are required. Accordingly, the Court CONTINUES the final approval hearing to Friday, October 12, 2012, at 9:00 a.m. Counsel shall post notice of this continuance on the Settlement Website and the claims deadline shall be extended accordingly.

Plaintiff requests attorneys' fees based on a percentage of recovery. However, courts routinely cross-check such requests by use of the lodestar method. *See Davis v. Kellog Co.*, – F.3d –, 2012 WL 2870128, at *8 (9th Cir. July 13, 2012) Plaintiff does not provide particularized information about the nature of the work performed by attorneys who worked on this case. Mr. Kravec provides some basis information about the type of work his firm did, but neither Mr. Braun nor Ms. Speilberg provide any information about what work they performed. Thus, the Court cannot assess whether or not their fees are reasonable under a lodestar method. Plaintiffs should also address why each attorneys' hourly rates should be considered reasonable.

1 Plaintiff shall submit supplemental briefing addressing these issues by no later Friday,
2 September 14, 2012.
3      The Court also notes that Exhibit 1 to Ms. Speilberg's declaration is a chart that purports
4 to detail the total time spent on this litigation. However, that chart refers to Mr. Braun and his
5 firm. Plaintiff shall submit a corrected declaration from Ms. Speilberg the supplemental
6 briefing required by this Order.
7      Finally, the Court notes that in the *Davis* case, the Ninth Circuit concluded that the
8 district court abused its discretion in approving a settlement that included a *cy pres* distribution
9 of the remainder of any settlement funds that is similar to the *cy pres* distribution approved in
10 this case. The parties shall submit supplemental briefing on the issue of why the *cy pres*
11 distribution is appropriate in light of *Davis* and whether the *Davis* decision, and the cases on
12 which it relies, impact the settlement in this case by September 14, 2012.
13      **IT IS SO ORDERED.**
14 Dated: August 20, 2012

                           JEFFREY S. WHITE
                           UNITED STATES DISTRICT JUDGE

2