IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELLIOT ZEISEL,

    Plaintiff,

v.

DIAMOND FOODS, INC.,

    Defendant.
_____/

No. C 10-01192 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 12, 2012, AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. The parties distinguish *Dennis v. Kellogg*, – F.3d – , 2012 WL 3800230 (9th Cir. Sept. 4, 2012), in part on the basis that the court in that case evaluated a settlement that was reached before the class was certified and, thus, was subject to a higher standard of fairness and a more probing inquiry than might normally be required. *Id.*, 2012 WL 3800230, at *4 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court in the *Dennis* case also noted that the settlement agreement, which was "the only legally-enforceable document" was silent on a number of key points, including the specific charities that would receive *cy pres* distributions and whether the donations were donations to which the defendant had already obligated itself to give. Here, the Settlement Agreement does identify that any donations would be at retail value, but it remains silent on the issue of pre-existing obligations and the specific charities.

    a. Given that the Settlement Agreement is the only legally enforceable document, and in light of the fact that the Court cannot rewrite portions of the Settlement Agreement, do the parties have any other authority or argument that the provisions regarding the *cy pres* distribution meet the standards required by *Dennis* and are fair, reasonable and adequate?

2. In *Dennis*, the court also concluded that the selected charities - food banks - did not have the requisite nexus to the plaintiff's claims under the UCL and the CLRA, because the gravamen of the plaintiffs' claims were about false advertising. Like the plaintiff in *Dennis*, Zeisel brings claims under the UCL and the CLRA, as well as the FAL. The gravamen of Zeisel's claims focuses on the allegedly false and misleading content of the Disputed Labels, as was the case in *Dennis*. *See Dennis*, 2012 WL 3800230, at *7 (finding that parties' assertions that case was about the nutritional value of food "is simply not true" and noting that gravamen of lawsuit was about false advertisements). Although the parties state that the American Heart Association and the specific food banks identified in the Sibert Declaration had educational programs about nutrition, is

there any evidence in the record that any of these organizations make any efforts to protect consumers from or redress injuries caused by false advertising? *See Dennis*, 2012 WL 3800230, at *7. What is the parties' best argument that this case is, unlike *Dennis*, about the nutritional value of the food in question?

2. Do Plaintiffs have any authority to show that the Court should approve the incentive award to Mr. Zeisel when he, himself, has not substantiated the amount of time spent on this case?

**IT IS SO ORDERED.**

Dated: October 9, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE